May it please the court. My name is Amber Rogers and I represent Encor Electric Delivery Company. I'd like to reserve five minutes for rebuttal and also begin by offering my condolences regarding the passing of Judge Riebley. This case is important because it involves a fundamental question of labor law. Under what circumstances must an employer provide information to a union concerning non-bargaining unit employees? This court definitively answered that question in Sara Lee Bakery and PDK Investments and held that a union at a minimum must articulate a legitimate purpose for seeking the information at the time of the information request. The substantial evidence in this case shows that the union did no such thing and provided Encor with nothing more than bare assertions regarding why it needed information regarding non-bargaining unit employees and the courts have found such bare assertions to be inadequate to find a violation of the National Labor Relations Act. Here are the board's orders. I have a question about the record quickly. I think I read in the NLRB's brief that at one point Encor offered to make the work orders or the worksheets available under the terms of a protective order. Would the names of the employees have been redacted from those work orders or would they have been provided? Honestly, Judge Owen, it's hard to say because what happened is the union offered to enter into a protective agreement. The company agreed and then the union never responded and I at record sites 1993 that the business agent Bobby Reed said well I was going to wait until we got a decision from the courts before we ever entered into a confidentiality agreement. So, it's hard to say but likely yes. Likely the names would have been on the work orders. That's what I don't understand. If you're willing to provide the names under the terms of a protective order, why are you fighting this now? I mean I really don't understand that. What's the difference? Right, Judge. I think the difference is that you know really what this is this is a discovery dispute essentially but this happens all the time where parties have information that they believe is confidential and the parties then work out that you know object and say well I'm not going to give you that information. It's confidential. It's proprietary. It's a trademark. All those types of reasons and then the parties you know will enter into some sort of confidentiality or privacy agreement typically that outlines how the information will be used, whom can see it, what happens to the information after the case is over, whether you can use it in other matters, things like that and that never happened here again. What is it about the employee's names that is so sensitive? Well, I think what's sensitive is that you know if we we really have to take it to the beginning that what what the law requires is that this information is and there's no there's no argument or debate about that that this information is not presumptively relevant. It is about non-bargaining unit employees and that it is incumbent under the law for the union to present at the time of the request why the information is relevant and it never did that. At the time of the request it was not clear it seems to me, correct me if I'm wrong, whether union employees had been displaced and so it seems to me perfectly legitimate to ask for the names of those employees and go go say how long did you work and to you know investigate the claim. Now if at the point in time the request was made it was clear that no employees union employees had been displaced it might be a different matter but am I correct that at the time the request was made it was not at all clear that union employees had not been displaced? Well judge I think with all due respect that's not the the actual question that under the collective bargaining agreement that article 10 section 8 of the party's collective bargaining agreement it states that you know it goes through managers and different types of and as long as it doesn't lead to a reduction in the hours of bargaining unit employees so there is no you know your your question about displacement there is no sort of relevant analysis in the in the collective bargaining agreement or some prohibition on that. Let me re-ask the question was it clear at the time the request was made that it had not ended led to a reduction of hours of union employees? I think I think it is clear yes that at the time the request was made there was no possibility that there had been a reduction of hours of union employees. What what you have in the record judge is a you know the year before at the time that the request was made what you have is the company saying that that this work is not exclusive to the bargaining unit and and and further it provided information about the hours it provided information later about what hours or the what pay employees had received non-bargaining employees had received for storm exception work so again I don't think that's the real the the issue is the reduction of hours like I'm not exactly sure what you mean about displacement because that's not what the contract says. Using use your you phrase it however you want but I think you know what I'm getting at they want to know if there was a reduction of hours they and it seems to me they had every right to to ask for discovery to let them look at that I mean they didn't have to just take the company's word that there was no reduction of hours. Well if you wanted to know if there's a reduction hours the the and this is in the record the union also acts asked for and received information regarding the hours that union official or they got that they never complained about it and they did ultimately receive information regarding the the hours that the company made clear that based on the type of records in the methodology in which it keeps records there was never going to be a way to to pinpoint precisely that you know ex-employee ex-bargain non-bargaining unit employee worked you know a particular amount of hours doing this type of work all that you could do was say they received some sort of storm exception pay at some point and so we know they did some type of work under that but we don't know that it's this type of work so again I mean I just I don't think that's the necessarily what the issue was and I don't think they're that's again that's not what the union ever said okay you know we had to go on what the union said on why it needed the information and it said that Encore was violating the collective bargaining agreement by having non-bargaining unit employees perform bargaining unit work it doesn't mention you know what you're saying and again so that that's what the court has to examine is what was Encore told at the time and then it also said it needed the information to quantify damages and the record bears no out that Mr. Reed testified at the ULP hearing that he could based on the information quantify damages and that's something that the board ignores and doesn't state in its order so the union here failed to as I mentioned to ever assert more than a bare assertion regarding why it needed non-presumptively relevant information about non-bargaining employees which is its legal burden under board precedent in Sara Lee Bakery and PDK investments and the Supreme Court's Detroit Edison decision the board's order also ignores the substantial evidence in the record which is that and I think this goes to your point Judge Owens that Mr. Reed testified that one that he testified that he received all the information that the union requested except for the names and that can be found at records 69 to 79 84 to 87 91 12 27 to 29 it also the board's order ignores that Mr. Reed testified that he never even intended to go view the work orders the very documents that the union kept requesting from the company because he said it would be a and the board's order never makes any mention of that and again that's at record 71 72 and 90 the board's order also ignores that Mr. Reed testified that had he reviewed the work orders it would have contained the information he requested and that's at record 107 to 108. Can you tell me at bottom why did the why did the company not want to turn over the names of the employees? The company didn't want to turn it over that I think if you look at the request this is a lot of very sensitive and private confidential information about employees that the union does not represent and again that's where this where the inquiry begins the union is not just blanket and entitled to all the information that it requests from a company and that's ever that's board precedent that's this court's precedent and that's the supreme court precedent on that the union can't just come out and ask for all types of information for employees that it does not represent and when it does ask for information about employees that it doesn't represent it is incumbent and the law requires that the union has to show why that information is relevant at the time and it has to act in good faith. What was it about the names of the employees just the names that the company felt it would be improper to disclose without some sort of protective order? Because again these are employees that aren't represented by the union and I think while we sit here today you could come up with a host of reasons positive or negative for why the union wants all of this information about employees. I'm asking why the company thought the names of the employees was sensitive information that it should not disclose absent a protective agreement. Because the names tied to all of this information is it's private it's confidential and that that's the issue eventually the company you know gave unique identifiers and turned over all of the information but the name so then you couldn't tie the information to a particular person but that's the company's tying it to the other information in other words you could have given the one two three with all the detail and then given them a list of employees that did not tie it to that so just disclosing the names not connected to the other information seems to me could have been done and why was it that the company wasn't willing to do that? Because it doesn't have to the the the law is just really clear on this that the union has to provide a reason and had to do it at the time for what it needed the information for and I think that questions for the board is because it's never in the record why do they need the names why do you need the the names of people that you don't represent why and then why do you need to tie it to all of this other information and so the company is not the company is left with a union that refused to engage in the process the way that the law requires it it did not act in good faith and that's what the law requires the law says that an employer upon receiving a request for information about non-bargaining unit employees or data is able to raise objections and then offer an accommodation and that's what Encore did time and time again here and what you have is the union's refusal and the board's refusal to acknowledge that to ever to ever respond and to keep you know when you the the law says when you're offering these bare assertions which is I need it because I need it that's not adequate and that's not sufficient under this court's thoroughly pdk in the in the Detroit Edison Supreme Court decision and that's really again we can't leap over the union's burden and that's where it all begins and we can't we can't leap over and and unfairly and that's what the board does unjustly and unfairly puts the burden on the company and that's not what the law requires so we also have that um the uh the board's order ignores that Encore's attempts to provide accommodations so in terms of attempts to get the union to come view the records it said it would make the records available monthly and again Bobby Mr. Reed just testified that he would never go see the work orders anyway um it the board's order also ignores that Encore did not possess certain information in the form requested or that certain information just did not exist it also ignores that Mr. Reed testified at the unfair labor practice hearing for instance that the company refused to provide current information which is which is untrue and you can uh uh which is not justified by the record and that's record sites 1232 to 1259 show that the company did provide um updated offers and that also the company said you can come see the information monthly and that's record 207 so this court is um so under time has expired you've got you've saved some time for rebuttal Mr. Sautter okay good morning your honors may please this honorable court Greg Sautter for the national labor relations board I'd like to start quickly with um going back to the discussion you were having with um Ms. Rogers um the reason that uh the company alleged at the time of when the when it was first asked for these names was that it was private information and that they wouldn't disclose it they have not made that claim since then certainly not before this court um so to the that argument's waived but even so it's irrelevant because the board it is clear under board law and that's the second point it is clear under board law that in work diversion grievances such in this one as this one the names of the employees to which work unit work has been assigned is relevant to the union's fulfillment of its representational duties and there is explain to me how it's relevant in determining whether uh there was a reduction in hours of union employees so that goes back your honor to the to the discovery standard in this case as as we say this is a discovery type standard like in federal solicitors I want specifics tell me why you need it why you needed it when you asked for it um the the union said that it needed the names in order to to ascertain whether uh employees non-union employees had been assigned unit work to figure out how much time they had done unit work okay why do you need the names to figure that out I'm sorry why do you need the names to figure that out the company said straight up we did non-non-union employees did this work here are the hours here's what they were paid why did you need the names because the information the information that the company provided is not does not complete and the only way for the union as on this record to complete that information was to dig into what it could find and one of the ways to get that work and I would like to just any of the letters that I saw we need we want to go interview these people as witnesses not anywhere I dug I dug I dug I looked at the the NLRB case that you attached you know said it was attached it didn't it didn't mention any of that you never ever said we want to go interview these people because they're potential witnesses no your honor and we were checking veracity that was never said no your honor because they don't have to the union doesn't have to say what it is going to do with the information it is given and also an important point here the information information does not have to be dispositive of an issue from you sir as to why you need the names of the employees what what does that add to the puzzle your honor I'm not a representative of the union so I can't speak for the union all I can do is speak for the board and say that the board has why does the board think that the union needed it the board thinks based on its experience and multiple cases that we've cited that having the names of non-union employees who do unit work allows a union to dig deeper to find information information it may not even be aware exists the union the union's required to specify that when it's a non-union employee aren't they and they never said we exactly you know we need to talk to these employees we're going to call them as witnesses the the union said we will need we will need this information because we will need we will need to quantify damages if this goes to arbitration obviously if a case goes to arbitration any of these people may be called as witnesses but going back the union does not have to tell the the employer what it intends to do the question under the acme industrial standard is whether the information has a bearing on the issue that is in dispute and in this case not determinative of the issue that is in dispute but has a bearing on it and the reason that standard exists your honor is because a party that is going into something going into a dispute where it might find that information and therefore the courts and the boards and the board have held that there has to be some leeway for these parties to find that information and even by getting information that is relevant but may on its face not seem like it is dispositive of the issue the the bottom line issue before them that's why the discovery type standard is broad and that's as i mentioned the i think there's there are courts that have said that probable or potentially probable relevance or potential relevance is enough and the reason is to allow parties to do their due diligence it's possible the union once it had those names would have found that there was no grievance to be had and it could you know the parties could have gone about their merry ways that's the reason those names are important that's the reason all of the information um that that um the union requested the board found was relevant to its requests um i'd like to uh make a quick point about the various issues uh that the various arguments and and rebuttals that we've made in our briefs the the only issue before the court is whether substantial evidence supports the board's finding that a the book the union showed that the information it was it requested was relevant and b that the that encore did not provide that information and as we as we explain our brief and i think the court is rightly focused on the issue of names that's because encore has um it the court has no jurisdiction to address the relevance of the other issues because encore did not preserve that issue so once and i'm happy to continue discussing the names but i will i will since my time is limited also talk about the the other issue the failure to provide on that issue the board found that the that the company had failed to provide the names for all of these items that the encore requested the names are this common denominator of every single one of the union's requests for every one of the requests builds on the first one so the first one is names of the employees the second one is uh income of the employees named in section one the third is you know dates and time dates and number of time amount of time that they did the those employees in section one and so on and so forth so without the names none of the whatever information encore provided is incomplete and therefore by that for that reason it by encore's response violates the act i don't know if you if your honors have any specific questions i don't want to keep uh repeating my um repeating my brief but uh specifically judge owen have i answered your concerns about the relevance of the names or would you like to talk about it more i think you've tried to but no you didn't okay so well then in that case i will just i will just add one add one more thing there are other items is a logical matter if if the employee's name was five unless you intended to go and interview all of those employees and where you paid this on that such and such date i really don't see what the names of the employees adds to the equation that's i just have i'm having difficulty with that okay well how about this the the union is going to get various information from the company it has presumably there was there was more that could be obtained without the names of the employees it's impossible to cross reference those that that information and for the union to know which which individual is referenced in such and such document and is it the same as the person in another document and so on and so forth unless the company refers to all of those individuals in every single one of its documents by a number the number that it provides to the union yeah in that case that would be possible but what about a three digit i mean a three letter initial would that suffice for that purpose if if that's a good question your honor for for cross reference last name initial wouldn't you for cross reference purposes probably yes unless there's a lot of bob smith's in there yes um it might it might suffice at that point perhaps the union would have said okay that's enough but certainly just having a number we know that the company does not refer to its employees by numbers on all of its on all its documents that's that's just simply they've never made that representation that's simply ridiculous so and now at that point if as you mentioned judging god if they um if they gave just uh the initials the union could then later on say well okay we need to talk to the specific person who is behind those initials you know there would be there would be room to work there the way the way the company left it was with just those names it was just impossible and i'd also like to mention a quick point that um that um council rogers made about um the business representative saying that it was a waste of time to look at all those those records he said that because this wasn't his first rodeo encore had done that before basically told him here's a pile of work orders come and go look through them what he didn't know is that encore had the ability to sift through those work orders and to make his job much easier so that he presumably he would not have to pay uh fourteen thousand dollars or something to to get redactions on 120,000 work orders he didn't know what his options were and he obviously was not going to sift through 120,000 work orders that is the other point i wanted to make and otherwise your honors i don't want to take up more of your time unless there are specific questions that i can help clarify no in that case your honors i thank you and uh we ask that you enforce the board's order in full thank you miss rogers picking up on council's last point regarding sifting through the records it's important again this is where the board ignores the record the substantial record evidence that mr reed testified at the hearing at record size 80 80 and 81 that the union was trying to get broader on this to get info for all the storms and all the people that the company was utilizing and the company wanted info from all of the storms so there never was a desire from the union express to somehow reduce the amount of information that was requested and it never asked the company to to reduce it and also the record the board ignores the record evidence on this point and and overstates it which is that miss gibson testified that based on the company's system and its searchability it's only searchable she said on a limited limited criteria and that's record 131 she said you can't search it based on specific weather conditions or levels record 134 135 you can't search it by crew type record 135 you can't search by storm track number record 143 to 144 so that that's grossly overstated that that was a possibility or a requirement and i think what we regarding waiver i'll substantially rely just to be clear he said there are 120,000 work orders is that correct yes yes your honor so again what the storms all those related to storms no no and what the company said from its very first response to the union was you're you're asking for first you know the receiver request in 2017 the union wanted information from january 1st 2016 to the present and continuing on and the company made clear that what you are asking for we cannot produce to you in this format now what because they keep saying all along if you could take if you could search it by date look at when the storms were and pick those dates is that not and and that's not correct again from the very first response the company gave the they told the union that the only way we know some people perform this type of work is that they may have received storm exception pay made it clear that that does not mean you did storm evaluation work and then made it also clear that the and this is the board ignores the record evidence on this which is that uh miss gifson testified at record 143 that a date an employee receives storm exception pay does not correlate to the work order date and that payments are rarely made in two weeks and that they can take months to to uh be done record 143 regarding uh i'll just highlight damages really quickly regarding damages again the board ignores that bobby reed testified that he based on the information the company produced was able to calculate damages he estimated them to be at one million dollars that's record 55 66 and 67 regarding waiver i'll rely on uh our briefs we did not waive any of these arguments it is clear from the exception it's clear from the board's response where they address it in numerous of their sections of the brief the board addresses the issue of relevancy also and section 10e that's what it's about is to put on notice so there is no waiver of any of these arguments and i think you know what's evident from council's response is that he can't give you a reason for why names are relevant because again focusing back on the law on saralee bakery because the union never did what it was supposed to do at the time which was articulate a reason why it needed the information and again the the the board ignores this evidence that is the record 234 again it's a clear explanation from the union on why it needed it which was uh contended that encore was violating the cba and quantified damages at the hearing the board ignores that again when specifically asked why did you need this information record 141 mr reed testified trying to ascertain all information to process our grievance that is textbook bear assertion and this court and the supreme court have held have held similarly and also again i would just i've already pointed out but the company gave all of the other information to the union and there's no dispute about that that you know mr reed was asked about every single piece of information and responded that he received it just didn't get get the names and i've already provided the record sites um for for that and just briefly just on the last point about the scope of the appropriate unit um i think the the record will bear out for itself what that is the issue there is just that the board can't on its own change the units that here the parties are involved in a collective bargaining agreement there are three separate and distinct units that have been voted in that's in the record um those those are at 16 11 to 16 22 and the union the board can't just on its own change the scope of that and who's in which unit so that's just the issue there time has expired thank you we we had your arguments we appreciate it thank you thank you